

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 9:13-CR-20(2) |
| | § | |
| DONNIE JERMAINE DANIELS | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Donnie Jermaine Daniels, violated conditions of supervised release imposed by Senior United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #156) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on June 23, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and

1

recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On June 24, 2014, The Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Hobbs Act: Conspiracy to Commit Robbery, a Class C felony. Judge Clark subsequently sentenced Mr. Daniels to 89 months imprisonment followed by three (3) years of supervised release, subject to the standard conditions of release, plus special conditions to include shall pay any financial penalty imposed by the judgment, financial disclosure, no new credit without approval, no gambling, participation in a program of testing and treatment for drug abuse. The defendant was also ordered to pay a $100 special assessment, and $180,000.00 in restitution. The Court ordered the restitution amount to be paid

jointly and severally with the co- defendants in this case.

On June 26, 2020, Donnie Jermaine Daniels completed his period of imprisonment and began service of the supervision term. On February 17, 2021, Judge Clark granted a Request for Modifying the Conditions of Supervision (doc. #154) adding a special condition to include mental health treatment. *See Order* (doc. #155).

### B. Allegations in Petition

In the Petition, the United States Probation Office alleges that the defendant violated a standard condition of his supervision as follows:

*The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.*

Mr. Daniels tested positive for marijuana on October 2, 2020; January 12, 2021; January 26, 2021; February 9, 2021; February 11, 2021; February 25, 2021; March 7, 2021; March 9, 2021; March 15, 2021; March 23, 2021; March 29, 2021; March 31, 2021; and April 8, 2021.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition. Specifically, if the case had proceeded to a final hearing The Government would have tendered the thirteen urinalysis test results establishing that Mr. Daniels presented specimens for testing on the dates alleged in the petition which yielded positive results for marijuana.

Defendant, Donnie Jermaine Daniels, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used a controlled substance in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by using a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to information submitted by the Probation Office, the remaining balance of the restitution ordered in this case is $161,902.53.

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. Mr. Daniels pled true, agreed with the Court's recommended

sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Donnie Jermaine Daniels, to serve a term of **eight (8) imprisonment** for the revocation, with credit for any back time due since his arrest on the Petition, as requested. The Court further recommends that the District Court order the defendant to pay the remaining unpaid restitution in the amount of $161,902.53, jointly and severally with his co-defendants as directed in the original judgment of conviction.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983);

*United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of July, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE